```
                    UNITED STATES DISTRICT COURT          JS-6
cc  LOS ANGELES SUPERIOR    CENTRAL DISTRICT OF CALIFORNIA
COURT, NO. BC 391113, w/docket    WESTERN DIVISION
and remand letter           CIVIL MINUTES - GENERAL
```

Case No.  CV 08-04259-GPS(FFMx)                    Date:  July 15, 2008

Title:  *Joshua Munoz v. J.C. Penney Corporation, Inc., et al.*

==================================================================
PRESENT:        THE **HONORABLE GEORGE P. SCHIAVELLI**,   JUDGE

      Jake Yerke                              Not Present
     Courtroom Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT DEFENDANTS:

Not Present                            Not Present

**PROCEEDINGS:**   Order Remanding Action
               (In Chambers)

    On May 19, 2008, Plaintiff filed a class action in Los Angeles County Superior Court against Defendants, alleging violations of the state labor code and California Business and Professions Code §§ 17200, et. seq. Defendants were served on May 29, 2008, and filed a Notice of Removal on June 27, 2008.  For the reasons stated below, the Court **REMANDS** the action to state court.

    **Legal Standard**

    Following enactment of the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction over a class action where any plaintiff class member is a citizen of a state different from any defendant, there are at least one hundred plaintiffs in the proposed class, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Fed R. Civ. P. § 1332(d)(5)(B), (d)(2).

    The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Abrego v. Dow Chem. Co*, 443 F.3d 676, 683 (9th Cir. 2006) (citations omitted). When the plaintiff's complaint does not specify or limit the amount of damages sought, the removing defendant must prove, by a preponderance of the evidence, that the jurisdictional requirements have been met. *Id.*

    Where a removing defendant has not met the requirements for subject matter jurisdiction, the case must be remanded to the state court where it was originally filed.  Fed R. Civ. P. § 1447(c).

MINUTES FORM 11                           Initials of Deputy Clerk JY
CIVIL - GEN

### **Analysis**

In review, Defendants did not meet their burden of showing the amount in controversy exceeds $5,000,000.00 by a preponderance of the evidence.

Plaintiff arguably limited the amount in controversy applicable to himself, as class representative, to less than $75,000 "including claims for compensatory damages and pro rata share of attorneys' fees." (Compl. ¶1.) Plaintiff, however, does not set forth a specific amount of monetary relief for the class. In the Notice of Removal, Defendants allege that Plaintiff's class action qualifies for federal jurisdiction under CAFA.

But Defendants failed to provide factual support for its allegation that the amount in controversy exceeds $5 million. Rather, Defendants make only conclusory statements such as: "based on the substance of the claims [Plaintiff] asserts, the size of the putative class, and the putative class action nature of his Complaint, it is reasonable to conclude that the allegations pleaded give rise to an amount in controversy in excess of $5,000,000." (Defs.' Notice of Removal 5:8-11.) *See, e.g., Abrego,* 443 F.3d at 689 (holding that defendant's 'magical incantation,' that the amount in controversy was satisfied, neither overcame the 'strong presumption' against removal jurisdiction, nor satisfied defendants's burden of setting forth the underlying facts supporting the assertion). This is insufficient under the law of this Circuit.

### **Conclusion**

In light of the analysis above, Defendants failed to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5,000,000 minimum required to justify removal under CAFA. Accordingly, the Court **REMANDS** the action to state court.

**IT IS SO ORDERED.**